## McClymont v. La Nassa.

*Practice, C. P.—Pleading—Statement—Contract—Architect.*

1. In an action to recover for the preparation of plans for the alteration of a building and superintending the work, it is not necessary for the plaintiff to attach to his statement of claim a copy of the contract between the defendant and the latter's builder to which the plaintiff was not a party.

2. Nor is it necessary to state the capacity in which he made the plans and superintended the work.

3. If the plaintiff was an architect, but had not qualified in accordance with the Act of July 12, 1919, P. L. 933, this fact may be set up as a defence, but need not be set out in the statement.

4. If he was not an architect, and did not act as such in his dealings with defendant, the Act of 1919 did not apply.

Motion to strike off statement of claim. C. P. York Co., April T., 1926, No. 199.

*R. P. Sherwood,* for motion; *Jacob E. Weaver* and *Donald H. Yost,* contra.

NILES, P. J., June 9, 1926.—Plaintiff's statement of claim in numbered paragraphs, which seem to the court to be in concise and summary form, alleges as material facts:

That plaintiff and defendant are both residents of York, Pa.

That the defendant orally employed the plaintiff to prepare plans for alterations and additions to her building, and superintend the making thereof, for an agreed compensation of 6 per cent. of the contract price.

That the plaintiff prepared the plans, which were approved by the defendant.

That the defendant entered into a written agreement with a builder for the making of the alterations and additions in accordance with the plans prepared by the plaintiff for the contract price of $25,800, said written agreement with

McClymont *v.* La Nassa.

the builder mentioning the commission to be paid by the defendant to the plaintiff.

That the builder did the work according to the plans prepared by the plaintiff.

That, in addition to the contract with the builder, defendant installed a heating plant in accordance with an agreement with C. C. Kottcamp & Son, for the cost of $1900, which was installed and completed in accordance with the plans and specifications and under the supervision of the plaintiff.

That, in accordance with the oral contract, the plaintiff is entitled to $1662, of which there remains an unpaid balance of $662.

The reason urged at the argument in support of this motion to strike off plaintiff's statement of claim is:

That there is no allegation as to the capacity in which the plaintiff made the plans and superintended the work for the defendant.

That the implication is that the plaintiff is an architect, and, if so, this is a material fact that should be alleged, which would require the further allegation that the plaintiff had complied with the requirements of the Act for the Registration of Architects of July 12, 1919, P. L. 933.

This does not seem to be a logical position.

If the plaintiff was not an architect, and did not in his dealings with the defendant act as such, the Act of 1919 would be inapplicable.

If the plaintiff was an architect, but had not qualified in accordance with the requirements of the Act of 1919, or, not being a certified architect, had signed the plans and specifications furnished by him to the defendant in a manner prohibited by the act, proof of such facts might constitute a defence.

The plaintiff was under no obligation to set out in his statement facts which at the argument were made the basis of the motion.

Another reason urged was: The failure of the plaintiff to attach to his statement copies of the contract between defendant and her builder, to which the plaintiff was not a party, but which referred to the plans and specifications prepared by the plaintiff and mentioned his compensation. We do not know that there is any rule of pleading requiring such a copy to be attached to, or made a part of, plaintiff's statement.

We are not convinced that the statement as filed offends against the rules of pleading to such an extent as to require that it should be stricken off.

And now, to wit, June 9, 1926, the motion of defendant to strike off plaintiff's statement is refused.　　　　　　　　From Richard E. Cochran, York, Pa.